IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. JAMES NATHAN WILKERSON

**Direct Appeal from the Circuit Court for Hardin County**
**No. 7587     C. Creed McGinley, Trial Judge**

---

**No. W1999-00978-CCA-R3-CD - Decided June 8, 2000**

---

The defendant pled guilty in Hardin County Circuit Court to a three count indictment for theft of property, possession of a prohibited weapon, and possession of a controlled substance. The defendant received an effective sentence of four years in the Tennessee Department of Corrections. After seven months in Wayne County Boot Camp, he was placed on probation. A probation violation warrant was issued charging that the defendant had failed to make payments; failed to appear in court; left the state without permission; and been arrested on a new charge. Following a hearing, the probation was revoked, and the defendant timely appealed. Based upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

GLENN, J., delivered the opinion of the court, in which HAYES and RILEY, JJ., joined.

Richard W. DeBerry, Assistant District Public Defender, Camden, Tennessee, for the appellant, James Nathan Wilkerson.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, G. Robert Radford, District Attorney General, and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, James Nathan Wilkerson, appeals as of right the judgment of the Circuit Court of Hardin County revoking his probation and reinstating his original sentence of four years on a three-count indictment for theft of property valued at $10,000 or more but less than $60,000, a Class C felony; possession of a prohibited weapon, a sawed-off shotgun, a Class E felony; and possession of a controlled substance, marijuana, a Class A misdemeanor. The defendant contends that the trial court erred in revoking his probation because the evidence does not show that he failed to pay his fines, costs, or restitution; failed to appear when ordered to appear in court; or left the state without permission. Finding no error, we affirm the judgment of the trial court.

## BACKGROUND

The record shows that the defendant, twenty-one years old at the time and apparently in the company of a juvenile, stole a four-wheeler and a wave runner from residents of Saltillo, Tennessee, on June 2, 1997. When arrested, the defendant had a sawed-off shotgun and marijuana in his possession. He was indicted by a Hardin County Grand Jury for theft, possession of a prohibited weapon, and possession of marijuana. He pled guilty on October 15, 1997, to all three counts and received concurrent sentences, including each of the following: four years on Count I, theft; one year on Count II, possession of a sawed-off shotgun; and eleven months and twenty-nine days on Count III, possession of marijuana. The defendant also was ordered to pay restitution of $166.93, a fine of $250, and court costs. The four-year sentence was to be served in the Tennessee Department of Correction. The defendant was sent to Wayne County Boot Camp.

After serving some six months in boot camp, the defendant was released and placed on probation on July 2, 1998. On September 25, 1998, having been on probation less than three months, the defendant was arrested and charged with aggravated assault. The complaint indicated that the defendant and three other individuals, including the alleged victim, were drinking beer together. The defendant hit the alleged victim on the head with a beer bottle.

The defendant's probation officer, Sam Shaw, filed a probation violation report on October 1, 1998, based on a new arrest and failure to make payments. After a third probation violation report was filed on March 24, 1999, for failure to pay, a hearing date was set for March 29, 1999. The defendant failed to appear; a capias was issued; and the defendant was returned by a bounty hunter from Louisiana, where he had been for two months.

A fourth probation violation report was issued on May 10, 1999, based on defendant's being arrested and charged with aggravated assault;[1] leaving the state without permission; failing to report; and failing to make payments. A hearing was held on May 11, 1999, at which time the trial court revoked probation and ordered that the original sentence be reinstated. Defendant timely appealed.

## ANALYSIS

The applicable standard of review in probation revocation cases is settled law. A trial judge may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his probation. See Tenn. Code Ann. § 40-35-311(e) (Supp. 1999). Preponderance of the evidence has been commonly defined as evidence that as a whole shows that the "existence of the contested fact is more probable than its non-existence." William R. LaFave & Jerold H. Israel, Criminal Procedure, § 10.4 (2d ed. 1992). The judgment of the trial court will not be disturbed on appeal unless it appears that there has been an abuse of discretion. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has

---

[1]The aggravated assault charge pending against the defendant in Hardin County General Sessions Court was to be dismissed upon his paying costs and restitution, which he paid the day before the hearing in this case.

occurred. See id.; see also State v. Strohn Johnson, No. 01C01-9812-CC-00494, 1999 WL 771008, at *1 (Tenn. Crim. App. Sept. 30, 1999). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

First, the defendant contends that the trial court erred in revoking his probation because he had paid $100 towards his fines, costs, and restitution. The defendant testified that he believed he had made "one or two payments on this since I've been out." He further testified that this amounted to "around $100." By the time of the hearing, the defendant had been on probation some ten months. His probation officer during that time, Sam Shaw, testified to the following:

> Q. Has he reported an employment to you during that time?
>
> A. His employment has been somewhat sporadic. He's done basically labor type jobs. Nothing that would be a steady paycheck or anything like that.
>
> Q. But he has worked some during that time?
>
> A. Yes, sir.
>
> Q. Has he made any payment at all on the fine and costs and restitution?
>
> A. Not that I'm aware of.

The trial court stated the following:

> The Court finds that Mr. Wilkerson has willfully violated the terms of his probation in that he's made no effort to pay the fines, costs, and restitution as ordered as part of his probation. He's indicated that he is capable of gainful employment and there is no claim that he does not have the present ability to earn money so as to pay his fines, costs, and restitution.

Second, as for the defendant's failure to appear in court when ordered, the defendant does not argue that he did not know he was to appear, only that he wrote down the wrong month, thinking his court date was April 29 rather than March 29—an "honest mistake," according to the defendant. The trial court found that he willfully failed to appear.

Finally, the defendant contends that he believed he had permission to be out of the state until the court date, the date that he thought was in April. Probation Officer Shaw testified to the following:

Q. Were you aware that he was out of state before he was picked up by the bounty hunter?

A. No. And prior to this, he has been given a travel permit to leave the state. But he did not have a valid permit at the time that he failed to appear in court or any time after that when he was actually picked up in Louisiana.

Q. I assume that during that time when he didn't show and he was found in Louisiana that he was not reporting in to you, also?

A. That's correct.

On cross-examination, Mr. Shaw was asked the following:

Q. He did have a travel permit at one time to leave the state?

A. That's correct.

Q. Was it extended at any time by yourself over the phone or anything?

A. It has been extended, but it was not in extension at the time that he failed to appear in court or any time thereafter.

The trial court found that the defendant "was out of state without the appropriate documentation while on probation." As a result of these violations, the trial court found that it had no alternative other than to revoke probation and reinstate the original sentence.

We conclude that there was substantial evidence to show that the defendant failed to make payments; failed to appear in court when ordered; and failed to acquire permission to be out of the state. The trial court did not abuse its discretion in revoking the defendant's probation.

### CONCLUSION

The record reveals substantial evidence that the defendant violated the terms of his probation; therefore, this court will not disturb the judgment of the trial court.